PER CURIAM.
This cause is before us on a petition for writ of certiorari to review the circuit court’s order dismissing the complaint for injunctive relief against the City of Madison’s Zoning Board (the Board).
On February 5, 1990, the Board, sitting as the “Board of Adjustment,” conducted a hearing on an application for a “restricted use” permit pursuant to Section 6.10 of the City’s zoning regulations, to allow construction of a county jail. The minutes of the February 5, 1990 meeting showed that the Board approved the restricted use exception after finding that “with the exception of the use being compatible to other property in the area,” all the criteria set forth in the zoning ordinance had been met.
The circuit court dismissed the complaint of Roy and Suzanne Milliron, petitioners herein, and denied relief on the grounds that the record was “incomplete and this court is unable to make a proper determination upon the record presented.” Petitioners argue: (1) that the trial court erred in dismissing the complaint on the grounds stated; and (2) that since Section 6.10 of the zoning ordinance requires all enumerated criteria be met before a restricted use exception can be granted, the Board’s finding that one of the criteria had not been met requires a denial of the application.
As to the first point, petitioner is correct. See Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla.1986), dissent adopted on remand, 504 So.2d 1265 (Fla. 1st DCA 1986). As to the second point, however, the record, as supplemented,[1] establishes that on December 20, 1990, the Board approved an amendment to the February 5, 1990 minutes. This amendment clarified the Board’s recommendation of the restricted use exception and stated that “[ajfter reviewing the seven criteria, the Board felt that all were met; with the exception, however, that one member felt that the use could not be compatible with other property in the area.” The amendment occurred after the circuit court dismissed petitioners’ complaint and denied relief.
Accordingly, petitioners’ writ of certiora-ri is granted. We relinquish jurisdiction to *734 the circuit court for a period of 30 days with directions that the court consider the record, as supplemented, take such additional evidence, if any, as the parties may wish to offer, and enter an order with appropriate findings and conclusion related to the record as supplemented. Petitioners are directed to notify this court of the disposition of the proceedings below so that this court can terminate or reassume its jurisdiction in accord with those proceedings and with the relief sought, if any, by the parties.
BOOTH, SMITH and WIGGINTON, JJ., concur.

. This court, on December 27, 1990, granted respondents’ motion to supplement the record with the minutes of the Board’s December 20, 1990 meeting, amending the February 5, 1990 minutes. The amended minutes were not before the circuit court at the time of its July 25, 1990 order.